NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0347n.06

No. 20-1984

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 16, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JONATHAN WILSON, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:    BOGGS, CLAY, and KETHLEDGE, Circuit Judges

BOGGS, Circuit Judge.  Jonathan Wilson pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The District Court for the Western District of Michigan sentenced him to 51 months of imprisonment, which was approximately 25% higher than the upper bound of his recommended Guidelines range.  Wilson appeals his sentence and argues it was substantively unreasonable.  He claims the district court failed to properly consider all the relevant sentencing factors and gave unreasonable weight to some factors.  Specifically, he argues that the allegedly brief nature of his possession coupled with the lack of previous convictions for violent crimes warranted a lower sentence.  Because the court's decision to vary upwards was not an abuse of discretion, we affirm.

**I**

Wilson was arrested at a house in Holland, Michigan, because he had seven outstanding warrants and was absconding from parole.  After the police received permission from the

homeowner to search for him, officers found him in the basement, sleeping on a mattress in a makeshift bedroom. Within his reach, there was an unloaded, stolen .22-caliber firearm and a magazine. The officers also found an electronic scale with white residue, multiple cell phones, a pipe for smoking methamphetamine, and other drug paraphernalia.

Wilson's DNA was found on the handgun and magazine. The homeowner and the other resident—Wilson's girlfriend—told the police that they did not own the firearm.[1] The homeowner also told the police that Wilson was a member of the Latin Kings street gang, which was corroborated by evidence recovered on Wilson's phone. Wilson did not answer questions at the time of his arrest, but he later submitted a statement claiming that he merely moved the gun from the bed to the nearby table.

After the grand jury indicted Wilson for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), he pleaded guilty. Wilson had six prior felony convictions and knew he was prohibited from possessing firearms.

For sentencing, Wilson and the government agreed that the proper Guidelines range was 33 to 41 months. The range was based on a total offense level of 13—which resulted from a base offense level of 14 and adjustments—and a criminal-history category of VI. The government requested a 41-month sentence—the top of the Guidelines range—and Wilson requested a within-Guidelines sentence.

At the sentencing hearing, the court engaged in a colloquy with Wilson. Wilson acknowledged that he was absconding from parole and that there were warrants out for his arrest. He admitted to the court that he knew that he could be convicted for firearm possession, even

---

[1] Text messages between the two residents stated "Police are here" and "They found the gun," which suggest that they were aware there was a firearm in the home.

though it was not his house, and he had no knowledge of the gun until he moved it from the mattress to the table. The court asked Wilson about his significant criminal history, and he explained that some of the offenses were for not paying child support while he was incarcerated, resisting arrest, attempted delivery of marijuana, possession of cocaine, and fleeing and eluding authorities.

The court articulated its "duty to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S. Code 3553(a)." It then acknowledged that it was taking the Guidelines into account but that they are advisory and that it "must make an individualized assessment based on the facts presented." After listing the applicable § 3553(a) factors and recommending substance-abuse treatment and vocational training options for Wilson's incarceration, the court turned to the specific factors it found relevant for his sentence.

The court discussed Wilson's extensive criminal history. Over 15 years, he had been convicted of six felonies and accumulated 23 criminal-history points—which the court observed was "one of the highest criminal history scores that [the] Court has seen in its 13-plus years on the federal bench." It mentioned that Wilson's criminal-history category did not capture the full scope of his criminal history because there are no higher categories for more than 13 criminal-history points.

The court also noted that it viewed "Mr. Wilson as a danger to the public." It continued that "[h]e just never seems to get it," and that he performs poorly when supervised in the state system. Because "[n]othing the state courts have done have deterred Mr. Wilson," it judged the "specific deterrence of Mr. Wilson to be a very significant factor . . . ." The court also highlighted the need for general deterrence, stating that "felons who possess firearms" are "a problem in the

United States, [and] certainly a problem in the Western District of Michigan." As for the sentencing goal of promoting respect for the law, the court stated:

> Mr. Wilson . . . has been disregarding the law for quite some time. He has shown no indication that he is going to respect the law or can conform his conduct to the requirements of the law, and I don't think a guideline sentence, in addition to everything else that I've said, provides just punishment for Mr. Wilson's offense here before the Court involving the unlawful possession of a firearm.

Because it could not move to the right on the sentencing chart to account for a higher criminal-history category and the other aggravating factors, the court looked to an increased offense level. It found that a more appropriate range would have been a two-level increase to the offense level, leading to a range of 41 to 51 months. It then imposed a 51-month sentence.

## II

Wilson argues that his sentence is substantively unreasonable. We have jurisdiction to review his sentence pursuant to 28 U.S.C. § 1291, and we review it for reasonableness "under an abuse-of-discretion standard." *United States v. Milliron*, 984 F.3d 1188, 1195 (6th Cir. 2021). Wilson does not challenge the procedural reasonableness of his sentence; therefore, we need not address it. *See United States v. Tristan-Madrigal*, 601 F.3d 629, 632 (6th Cir. 2010); *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008).[2]

---

[2] We note that "[t]he border between procedural and substantive reasonableness can be blurry, and the analysis often overlaps." *United States v. Small*, 988 F.3d 241, 258 (6th Cir. 2021). Wilson relies on *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008), for the proposition that a sentence is "substantively unreasonable" if "the district court . . . fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *See* Appellant Br. at 7–9. Yet we have also held that the "point [of substantive unreasonableness] is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Milliron*, 984 F.3d at 1196 (alteration in original) (quoting *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018)). Because Wilson does not argue his sentence is procedurally unreasonable on appeal, we need not resolve the ambiguity today. Wilson's argument is better stated as: "the district court failed to give *proper* consideration to the circumstances of the offense to which Jonathan Wilson pleaded guilty and the nature of his criminal history." Appellant Br. at 9 (emphasis added). Yet to any extent he did raise a procedural challenge, it fails for the same reason discussed below—the court *did* consider the relevant sentencing factors.

A defendant's "claim that a sentence is substantively unreasonable is a claim that a sentence is too long." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A sentence is too long if it is "'greater than necessary' to achieve the purposes of sentencing." *Milliron*, 984 F.3d at 1195 (quoting *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020)); *see also* 18 U.S.C. § 3553(a). A substantive-unreasonableness complaint is one that argues "that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Rayyan*, 885 F.3d at 442. One relevant factor is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Accordingly, a court may consider the defendant's criminal history when imposing a sentence, even if it is already reflected in the advisory Guidelines range. *United States v. Lee*, 974 F.3d 670, 677 (6th Cir. 2020). Other relevant factors include "the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant . . . ." 18 U.S.C. § 3553(a)(2).

How a district court chooses to weigh the § 3553(a) factors "is a matter of reasoned discretion, not math." *Rayyan*, 885 F.3d at 442. If a sentencing court finds a case falls "outside the heartland" or "mine-run" of similar cases covered by the Guidelines, it is within its discretion to vary from the advisory range. *Milliron*, 984 F.3d at 1198 (quoting *Kimbrough v. United States*, 552 U.S. 85, 109 (2007)). The fact that a court imposes an above-Guidelines sentence does not make that sentence presumptively unreasonable. *Ibid.* "[A]n upward variance is permitted when the district court adequately addresses the § 3553(a) sentencing factors, provides a detailed rationale for the variance, and imposes a sentence that is otherwise substantively reasonable."

*United States v. Small*, 988 F.3d 241, 260 (6th Cir. 2021) (quoting *United States v. Lopez*, 813 F. App'x 200, 205 (6th Cir. 2020)).

In our review, we may consider a sentence's degree of variance from the recommended Guidelines range, but there is no requirement that a deviation from the recommended range be justified by extraordinary circumstances. *Gall v. United States*, 552 U.S. 38, 47 (2007). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* at 51.

Wilson claims that the district court abused its discretion by failing to consider all relevant sentencing factors and giving unreasonable weight to some factors. Specifically, he argues that it (1) failed to consider the nature and circumstances of his offense, (2) focused on the quantity, not quality, of his criminal history, and (3) imposed a sentence that was greater than necessary to advance the statutory sentencing factors.

First, Wilson argues that the district court did not consider the nature of his offense and his argument that his possession of the firearm was fleeting. But simply because the court highlighted the general nature of possession of firearms by felons and Wilson's background without expressly mentioning the specific circumstances of his offense does not mean it did not consider a relevant sentencing factor. A district court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). And while the "circumstances of the offense" are *part* of § 3553(a)(1), there is no requirement that a court recite and address every word of each factor explicitly.

The court heard from Wilson and his attorney about the allegedly brief nature of his possession. Yet in its explanation of its rationale, the court emphasized Wilson's personal characteristics. It stated that "Mr. Wilson [is] a danger to the public. He just never seems to get

it. He's done poorly when supervised in the state system. . . . He needs to be deterred. Nothing that state courts have done have deterred Mr. Wilson." Then the court described the general problem of felons possessing firearms, stating that it "is a problem in the United States, [and] certainly a problem in the Western District of Michigan." Wilson may disagree with the aspects of § 3553(a)(1) that the district court found important, but the decision to weigh those sentencing factors as it did was within its discretion. If a court finds the general nature of an offense and a defendant's personal background more significant than the specific circumstances of that offense, it does not mean that the resulting sentence is substantively (or procedurally) unreasonable.

Second, Wilson argues that the court only considered the quantity, not quality, of his criminal history. This argument is contradicted by the record. The court did discuss the extent of Wilson's record; it observed that he had six felony convictions by the age of thirty-two, and that over a period of 15 years he had accumulated 23 criminal-history points, which was "one of the highest criminal history scores that [the] Court has seen in its 13-plus years on the federal bench." It also discussed the nature of those offenses. The court heard from Wilson about how he was absconding from parole when he was arrested and how some of his criminal-history points were from failures to pay child support, resisting arrest, attempted delivery of marijuana, possession of cocaine, and fleeing and eluding authorities. The quality and seriousness of these offenses informed the court's conclusion that Wilson "has been disregarding the law for quite some time [and] has shown no indication that he is going to respect the law or can conform his conduct to the requirements of the law."

Wilson points to his lack of convictions for violent offenses, but that is not the only relevant aspect of his extensive criminal history. His record also includes theft, threats, failures to appear to hearings, multiple bench warrants, several probation revocations, and the commission of

additional offenses while on parole. These offenses occurred without a significant pause over a period of 15 years. The court considered "specific deterrence of Mr. Wilson to be a very significant factor for the Court to consider." It was within its discretion to place significant weight on Wilson's consistent history of disregarding the law and performing poorly under supervision when it decided his sentence.

To support his contention that the district court placed too much weight on his criminal history, Wilson cites *United States v. Lee*, 974 F.3d 670 (6th Cir. 2020). In *Lee*, we found that a 60-month sentence imposed for an offense with a recommended Guidelines range of 30 to 37 months (approximately 60% higher than the upper bound) was substantively unreasonable because the district court placed too much weight on the defendant's criminal history. *Id.* at 673, 682. That upward variance was largely based on one of Lee's convictions from 15 years earlier and related parole violations. *Id.* at 675, 677. We criticized this upward variance based on his criminal history because "nothing uniquely problematic about the defendant's criminal history demonstrates a specific need for deterrence beyond that already captured in the guidelines range." *Id.* at 673.

Unlike Lee, Wilson had six felony convictions during the ten years preceding his arrest for the present offense. He also had 23 criminal-history points, which are ten more than necessary to put him in the highest possible criminal-history category. As the district court observed, Wilson's criminal history was uniquely problematic—notably the worst the court had seen—and Wilson had performed poorly under state supervision and demonstrated a disregard for the law. And Wilson's history was not already captured in the Guidelines range because the highest criminal-history category does not increase the recommended range for anything above 13 criminal-history points. These differences coupled with the smaller upward variance imposed on Wilson make the situations factually distinct.

Third, Wilson argues that his sentence was longer than necessary to advance the statutory sentencing factors. He does not cite any authority in support of that proposition, but relies on the fact that the sentence imposed was higher than both his Guidelines range and the government's requested sentence. But the Guidelines are advisory, and there is no presumption of unreasonableness for above-Guidelines sentences. *See Milliron*, 984 F.3d at 1198. And, due to his criminal history and other aggravating factors, Wilson's situation falls outside the heartland of similar cases. The district court considered the statutory objectives including the promotion of respect for the law and need for just punishment, specific and general deterrence, and the protection of the public. It was within its discretion to conclude a 51-month sentence was "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a).

## III

Wilson's sentence is not substantively unreasonable, and the district court did not abuse its sentencing discretion. We AFFIRM.